ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| LAWRENCE BRUCE CAPLIN<br><br>Apelados<br><br>v.<br><br>KELLI ANN CAPLIN<br><br>Apelantes | KLAN202301075 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2023RF00908<br><br>Sobre:<br>Divorcio (Ruptura Irreparable) |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Alvarez Esnard y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de enero de 2024.

Comparece Lawrence Bruce Caplin (señor Caplin o el apelante) y solicita la revocación de la *Sentencia* emitida el 30 de octubre de 2023 por el Tribunal de Primera Instancia, Sala de San Juan (TPI o foro primario), notificada el 31 de octubre de 2023. Mediante la referida Sentencia, el foro primario declaró *Ha Lugar* la *Moción de Desestimación* presentada por Kelli Ann Caplin (señora Caplin o la apelada) el 28 de agosto de 2023 y desestimó sin perjuicio la Demanda de Divorcio por Ruptura Irreparable presentada por el apelante ante el TPI, tras dicho foro rehusar ejercer jurisdicción para atenderla, al amparo de la doctrina de *forum non conveniens.*

Por los fundamentos que expondremos a continuación, confirmamos la Sentencia apelada.

**I.**

El 19 de junio de 2023, a las 6:00 pm, el apelante presentó demanda de Divorcio por Ruptura Irreparable ante el foro primario. Alegó haber contraído matrimonio con la apelada el 21 de

septiembre de 1991 en el estado de New Yersey y estar domiciliado en Puerto Rico desde hace más de un año, con anterioridad a la fecha de radicación de la demanda. De igual forma, el apelante señaló en la demanda que toda vez que la apelada se trasladó al estado de Pennsylvania cuatro meses antes, solicitaba autorización para emplazarla por edictos.[1] A esos fines, el 21 de junio de 2023, el foro primario emitió *Orden Disponiendo Emplazamiento por Edicto*.[2]

El 28 de agosto de 2023, la apelada presentó *Moción de Desestimación* ante el TPI.  En esencia, esta alegó que la Demanda presentada por el apelante ante el foro primario el 19 de junio de 2023 fue presentada con posterioridad a que la apelada presentara una demanda de divorcio el 15 de junio de 2023 ante el Tribunal del Condado de Bucks en el estado de Pennsylvania, en el caso <u>*Kelli-Ann Caplin v. Lawrence B. Caplin*</u>, *PA 2023-61096* y argumentó que dicho tribunal había adquirido jurisdicción sobre el apelante, toda vez que este fue emplazado personalmente el 19 de junio de 2023 alrededor de las 5.10 pm.[3].  Razonó al respecto la apelada que la existencia de una demanda de divorcio presentada anteriormente ante otro foro activó las doctrinas de jurisdicción concurrente y *forum non conveniens* por lo que solicitó al foro primario que ante este cuadro se abstuviera de ejercer jurisdicción sobre las controversias del divorcio entre las partes. De igual forma, la apelada solicitó al TPI que en la alternativa procediera a desestimar la Demanda al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V. R.10.2, por incumplimiento con los requisitos para el emplazamiento por edicto dispuestos en la Regla 4.6 (b) de Procedimiento Civil, 32 LPRA Ap. V. R.4.6 (b).

---

[1] *Véase Demanda* presentada por el apelante ante el TPI en el caso SJ2023RF00908, Apéndice 1 del *Alegato en Oposición a Apelación.*

[2] Véase Apéndice 2 del *Alegato en Oposición a Apelación,* páginas 37-40.

[3] *Véase Moción de Desestimación*, Apéndice 9 del *Alegato en Oposición a Apelación,* páginas, 174-183. Véase además, páginas 184-189 del Apéndice del *Alegato en Oposición a Apelación.*

En respuesta, el 21 de septiembre de 2023, el apelante presentó *Moción en Oposición a Desestimación* ante el foro primario en la que argumentó que cumplió con todos los requisitos del emplazamiento por edicto y que el tribunal del estado de Pennsylvania no tiene jurisdicción sobre la señora Caplin pues esta no ha residido por más de seis meses en dicha jurisdicción.[4]

Mediante Sentencia emitida el 30 de octubre de 2023, notificada al día siguiente, el foro primario acogió el planteamiento de la apelada en la *Moción de Desestimación,* en lo pertinente a la doctrina de *forum non conveniens,* por lo que rehusó ejercer jurisdicción para atender la Demanda de divorcio presentada por el apelante y desestimó la misma sin perjuicio. Destacó el TPI en la Sentencia que tomaba conocimiento judicial de la existencia del caso de divorcio ante el Tribunal del Condado de Bucks en el estado de Pennsylvania, con designación alfanumérica PA2023-61096 y su trámite procesal que incluía una vista pendiente de celebración y destacó que este caso fue presentado antes que la Demanda de Divorcio en el caso SJ2023RF00908. Razonó el foro primario que en caso de que dicho foro desestimara la Demanda de divorcio presentada por la apelada, el apelante podría presentar su petición de divorcio en el foro con jurisdicción para ello.

En desacuerdo, el apelante presentó el recurso de epígrafe y señala la comisión del siguiente error por parte del foro primario:

> **ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DICTAR SENTENCIA DECLARANDO "HA LUGAR" LA MOCIÓN DE DESESTIMACIÓN A FAVOR DE LA APELADA-DEMANDADA AL AMPARO DE LA REGLA 10.2 DE LAS DE PROCEDIMIENTO CIVIL POR FALTA DE JURISDICCIÓN SIN CONSIDERAR LOS REQUISITOS DE LA DOCTRINA FORUM NON CONVENIENS**.

Por su parte la señora Caplin compareció ante nos mediante *Alegato en Oposición a Apelación.* En esencia, sostiene que no

---

[4] *Véase,* Apéndice 12 del *Alegato en Oposición a Apelación,* páginas 317-327.

incidió el foro primario al desestimar sin perjuicio la Demanda de divorcio presentada por el apelante ni al concluir que es el Tribunal del Condado de Bucks en el Estado de Pennsylvania el foro idóneo para atender las controversias pertinentes al divorcio de las partes de epígrafe y no el TPI. En ajustada síntesis, la apelada argumenta que aún asumiendo que el emplazamiento por edicto expedido en Puerto Rico cumple con los requisitos procesales vigentes, existe jurisdicción concurrente, entre ambos foros. Así, arguye la apelada que conforme a dicho razonamiento no erró el TPI al rehusar ejercer su jurisdicción y al concluir que al amparo de la doctrina de *forum non conveniens* es el Tribunal del Condado de Bucks en el Estado de Pennsylvania el foro idóneo, por ser este el foro que asumió jurisdicción sobre las partes al haberse presentado allí el pleito de divorcio, con anterioridad a la presentación del pleito de epígrafe.

**II.**

A.

Los tribunales debemos sopesar diversos factores para determinar si, aun gozando de jurisdicción, debemos ejercerla. Es enteramente posible que ciertos factores inviten a invocar la doctrina de *forum non conveniens*, pero que el peso de otros aconseje el ejercicio de jurisdicción". *Marrero Reyes v. García Ramírez*, 105 DPR 90,100 (1976). Cuando dos o más tribunales tienen jurisdicción concurrente sobre un asunto, aquel que primeramente la asume la conserva con exclusión de cualquier otro tribunal en que la acción pueda haber sido iniciada. V*éase Colón v. Tribunal Superior*, 97 DPR 106,122 (1969).

En *Ramírez Sainz v. SLG Cabanillas*, 177 DPR 1 (2009). nuestro Máximo Foro incorporó a nuestro ordenamiento la doctrina del foro más conveniente *o forum non conveniens*. Esta doctrina fue incorporada con el fin de permitirle a los tribunales rehusarse a

ejercer su jurisdicción en circunstancias excepcionales, a favor de los mejores intereses de las partes y de la justicia. *Íd.* pág. 37; *Bonet Cardona v. Holahan*, 181 DPR 582, 599 (2011). Bajo la referida doctrina, se presupone la existencia de jurisdicción por ambos foros. *SLG Valencia v. García García*, 187 DPR 283, 326 (2012).

Ahora bien, previo a analizar si procede aplicar la doctrina de *forum non conveniens*, el foro primario está obligado a constatar que, efectivamente tiene jurisdicción y competencia sobre las partes y la materia. *SLG Valencia v. García García*, supra, pág. 326; *Ramírez Sainz v. SLG Cabanillas*, supra, pág. 38.

Una vez establecida la jurisdicción, el demandado que interese paralizar un litigio bajo esta doctrina, deberá probar que el foro doméstico resulta claramente inapropiado, que existe un foro en otro estado que también tiene jurisdicción, y que, es claramente el más apropiado para resolver la controversia. *Íd.*; *Bonet Cardona v. Holahan*, supra, pág. 599. Si el demandado logra probar lo anterior, el foro doméstico deberá paralizar los procedimientos y concederle término al demandante para presentar su reclamación en el foro adecuado. *Íd.*; *Ramírez Sainz v. SLG Cabanillas*, supra, pág. 38. Con el fin de determinar si un foro es claramente inapropiado, el tribunal deberá ponderar, entre otros, los siguientes factores: (1) la conveniencia para las partes de litigar en el Estado donde se encuentra el foro; (2) la localización de las fuentes de prueba y los mecanismos para obtenerlas; (3) si la petición para paralizar se presenta en un momento oportuno; (4) los términos prescriptivos; (5) el reconocimiento de sentencias, (5) y la posibilidad de ejecutar la sentencia en el país donde el demandado tiene sus bienes. *Íd.* págs. 38-39; *SLG Valencia v. García García*, supra, pág. 347; *Bonet Cardona v. Holahan*, supra, pág. 599. Es necesario destacar que, el Tribunal Supremo expresó que**, estos factores son meramente ilustrativos**, **puesto que, el Tribunal de**

**Primera Instancia "debe escrutar la sustancia de la disputa y evaluar los criterios realmente pertinentes"**. *Ramírez Sainz v. SLG Cabanillas*, supra, pág. 39. No deben tomarse en consideración los factores públicos, por estos no ser acordes al propósito de la doctrina, ni deberá discriminarse a base de la nacionalidad o residencia habitual de las partes. *Íd.* Ninguno de estos factores es determinante y su peso dependerá de las circunstancias de cada caso. *SLG Valencia v. García García*, supra, pág. 348.

Si el tribunal determina que no es el foro más apropiado, desestimará la demanda para que sea presentada en el tribunal más adecuado o paralizará los procedimientos hasta que la controversia sea resuelta en el otro tribunal. *Ramírez Sainz v. SLG Cabanillas, supra.* En síntesis, "se puede paralizar una demanda, aunque se haya presentado en un tribunal con jurisdicción y sin propósito de causar daños a la otra parte, cuando la controversia tenga poca conexión con el foro doméstico, exponga al demandado a gastos excesivos u otras inconveniencias e injusticias, y, claro está, si existe un foro con jurisdicción y competencia que pueda entender en la controversia". *Ramírez Sainz v. SLG Cabanillas*, supra, págs. 39-40. Por último, es preciso destacar que la doctrina establece que, los tribunales tienen discreción para decidir si paralizan un procedimiento, por lo cual, tal decisión deberá ser revisada por los foros apelativos aplicando el estándar de abuso de discreción. *Íd.*

### III.

Es la contención del apelante en el recurso de epígrafe que incidió el foro primario al rehusar ejercer jurisdicción sobre su petición de divorcio, al amparo de la doctrina de *forum non conveniens* sin considerar los requisitos para la aplicación de dicha doctrina.

Es preciso destacar que dichos factores sirven de guía para el sabio ejercicio de la discreción judicial, pero que "[n]inguno de estos

factores es determinante y su peso dependerá de las circunstancias de cada caso". *SLG Valencia v. García García,* supra, pág. 348. La doctrina aludida por el apelante establece claramente que estos factores son meramente ilustrativos, puesto que, el Tribunal de Primera Instancia "debe escrutar la sustancia de la disputa y evaluar los criterios realmente pertinentes". *Ramírez Sainz v. SLG Cabanillas,* supra, pág. 39

En el caso que nos ocupa el TPI declaró Ha Lugar la *Moción de Desestimación* presentada por la apelada, en la que esta esbozó varios fundamentos por los cuales entendía que procedía desestimar la petición de divorcio presentada por el apelante. Entre estos, la apelada fundamentó su solicitud de desestimación de la petición de divorcio en la aplicación de la doctrina de *forum non conveniens.* El foro primario, en el ejercicio de su discreción, determinó que rehusaba ejercer su jurisdicción. Razonó TPI que toda vez que el Tribunal del Condado de Bucks en el Estado de Pennsylvania es el foro que asumió jurisdicción primero al haberse presentado allí el pleito de divorcio, el 15 de junio de 2023, con anterioridad a la presentación del pleito de epígrafe, ello era suficiente para desestimar la causa y desestimó sin perjuicio la petición de divorcio presentada por el apelante. Sobre esos extremos el foro primario razonó que al presentarse primero la petición de divorcio de la apelada ante el Tribunal del Condado de Bucks en el Estado de Pennsylvania y al surgir del expediente que el apelante fue emplazado personalmente el 19 de junio de 2013 a las 5:10 pm, al presentar este la petición de divorcio ante el foro primario el 19 de junio de 2023 a las 6:00 pm, ya el foro judicial del estado de Pennsylvania había asumido jurisdicción primero.

Entre los criterios aludidos por el apelante a considerar por el TPI al evaluar si aplica la doctrina de *forum non conveniens* está si la petición para paralizar se presenta en un momento oportuno. De

la Sentencia apelada surge que el foro primario en el ejercicio de su discreción, al evaluar la petición de divorcio presentada por apelante otorgó peso al momento en que dicha petición fue presentada y al hecho de que el apelante ya había sido emplazado en la causa de divorcio presentada por la apelada ante el Tribunal del Condado de Bucks en el Estado de Pennsylvania. Al escrutar la sustancia de la disputa entre las partes, el foro primario evaluó los criterios realmente pertinentes. Así, en esa dirección, concluimos que el TPI no incurrió en el error señalado por el apelante, al abstenerse de asumir jurisdicción sobre la petición de divorcio presentada por señor Caplin luego de ser demandado en el Tribunal del Condado de Bucks en el Estado de Pennsylvania en el caso *Kelli-Ann Caplin v. Lawrence B. Caplin, PA 2023-61096* y emplazado personalmente antes de la presentación de la Demanda en el caso SJ2023RF00908.

## IV.

Por los fundamentos anteriormente expuestos, los cuales hacemos formar parte de esta Sentencia, se confirma la Sentencia apelada.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones